**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FLORENCE GAINES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-7081** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA OFFICE OF INCOME MAINTENANCE** | : | |

# MEMORANDUM

**KEARNEY, J.** **November 10, 2026**

Montgomery County resident Florence Gaines pro se sued the Commonwealth of Pennsylvania Office of Income Maintenance under Title I of the Americans with Disabilities Act and the Pennsylvania Human Relations Act seeking an order to stop the Commonwealth from interfering in her perceived prospective employment opportunities.[1] Ms. Gaines pro se filed a form titled "Employment Discrimination Complaint" but she does not plead facts to form the basis of her claims.[2] She simply did not plead facts although she refers to a fact background in a document she did not attach to her filing.[3] She seeks entirely prospective relief based on unpleaded facts including to cease future retaliation and interfering with prospective employment.[4]

## I. Analysis

The Commonwealth moves to dismiss Ms. Gaines's claims.[5] It argues an office within the Pennsylvania Department of Human Services has constitutional immunity from suit under the Americans with Disabilities Act and the Pennsylvania Human Relations Act.[6] Ms. Gaines counters she is still afforded relief and is entitled to an opportunity to amend her Complaint as a pro se litigant.[7]

We address the Commonwealth's Motion to dismiss and analyze each claim in turn. She cannot proceed on her claims for prospective relief against the Commonwealth under the

Americans with Disabilities Act and the Pennsylvania Human Relations Act in this Court. Amending her complaint is futile as Ms. Gaines cannot sue the Commonwealth here (although she could timely sue the Commonwealth in state court under the Pennsylvania Human Relations Act).

**A. We dismiss Ms. Gaines's Americans with Disabilities Act claim.**

Ms. Gaines raises an Americans with Disabilities Act claim under Title I against the Commonwealth.[8] The Commonwealth moves to dismiss arguing the Eleventh Amendment grants it immunity precluding us from exercising jurisdiction.[9] It also argues the Supreme Court recognized Congress has not abrogated the Commonwealth's immunity and the Commonwealth has not abrogated its own immunity.[10] Ms. Gaines counters despite guidance from the Supreme Court she can still seek "equitable relief, proper administrative accountability, and cessation of post-employment interference."[11] We agree with the Commonwealth.

Congress under Title I of the Americans with Disabilities Act prohibits employers from discriminating against their employees on the basis of disability.[12] The Eleventh Amendment affords states immunity from any lawsuit "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[13] The Eleventh Amendment also "provides states with immunity . . . from suits brought by their own citizens."[14] Three exceptions to Eleventh Amendment immunity exist: "'1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law.'"[15] None of the exceptions apply in this Action against the Commonwealth.

Congress has not stripped the Commonwealth's Eleventh Amendment immunity under Title I of the Americans with Disabilities Act.[16] We are guided by the Supreme Court's direction twenty-five years ago in *Board of Trustees of University of Alabama v. Garrett* holding the

Eleventh Amendment bars damages against a state under Title I.[17] Our Court of Appeals has since applied *Garrett* to Commonwealth entities holding they are also entitled to Eleventh Amendment immunity from Title I claims.[18] In *Benn v. First Judicial District of Pennsylvania*, an employee sued former employer First Judicial District of Pennsylvania under Title I of the Americans with Disabilities Act.[19] Our Court of Appeals held the District as an instrumentality of the Commonwealth retains its Eleventh Amendment immunity when sued under Title I of the Americans with Disabilities Act.[20]

The Commonwealth has not waived its Eleventh Amendment immunity.[21] Unless the Commonwealth waives its immunity a suit cannot be brought in federal court against a state agency.[22] The third exception to Eleventh Amendment immunity for suits against individual state officers does not apply because Ms. Gaines did not sue an individual state actor.

The Commonwealth is entitled to Eleventh Amendment sovereign immunity for claims under Title I of the Americans with Disabilities Act. Ms. Gaines relies on a distinction in *Garrett* to support her claim.[23] She claims the Supreme Court in *Garrett* only prohibits seeking monetary damages under Title I of the Americans with Disabilities Act.[24] But our Court of Appeals guides us the Commonwealth retains its Eleventh Amendment immunity from Title I ADA claims when it is the defendant regardless of relief sought.[25] Ms. Gaines does not plead facts allowing us to plausibly infer the Commonwealth waived its Eleventh Amendment immunity.

Ms. Gaines may bring a separate action to sue a Commonwealth Officer in their official capacity under Title I of the Americans with Disabilities Act.[26] But she may seek only prospective relief, not retrospective relief.[27] Ms. Gaines is unable to sue a Commonwealth Officer in their individual capacity.[28] Ms. Gaines may timely file a separate related action pleading sufficient facts allowing us to plausibly infer a Commonwealth Officer in their official capacity violated her rights

under the Americans with Disabilities Act. But she does not do so today and there is no possible way she can sue the Commonwealth under the Americans with Disabilities Act.

We dismiss Ms. Gaines's Americans with Disabilities Act claim with prejudice against the Commonwealth.

**B. We dismiss Ms. Gaines's Pennsylvania Human Relations Act claim.**

Ms. Gaines also seeks prospective relief against the Commonwealth under the Pennsylvania Human Relations Act.[29] The Commonwealth moves to dismiss arguing the Pennsylvania Human Relations Act did not involve Congressional action so Congress cannot abrogate claims brought under the Act.[30] It also argues the Pennsylvania General Assembly has not waived its Eleventh Amendment immunity for Pennsylvania Human Relations Act claims brought in federal court.[31] Ms. Gaines does not address the Commonwealth's Pennsylvania Human Relations Act argument.[32] We agree with the Commonwealth.

The Eleventh Amendment affords states immunity from a lawsuit "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[33] The Eleventh Amendment also "provides states with immunity . . . from suits brought by their own citizens."[34] Three exceptions to Eleventh Amendment immunity exist: "'1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law.'"[35] None of the exceptions apply in this Action against the Commonwealth.

The Pennsylvania General Assembly enacted the Pennsylvania Human Relations Act to prohibit discrimination in the Commonwealth.[36] Congress cannot abrogate Pennsylvania's immunity from claims brought under a state statute.[37] The Commonwealth also "has not waived its immunity from suit in federal court for claims brought under the [Pennsylvania Human

Relations Act].”[38] The third exception to Eleventh Amendment immunity for suits against individual state officers does not apply because Ms. Gaines did not sue an individual state actor.

The Commonwealth is entitled to Eleventh Amendment sovereign immunity for claims under the Pennsylvania Human Relations Act in federal court. The Pennsylvania General Assembly waived its immunity from Pennsylvania Human Relations Act claims in state court but not in federal court.[39] We cannot decide the merits of Ms. Gaines’s claims.

Ms. Gaines cannot bring an official capacity claim here under the Pennsylvania Human Relations Act against a Commonwealth Officer.[40] She may file an individual capacity claim here under the Pennsylvania Human Relations Act against a Commonwealth Officer in a separate related action upon pleading sufficient facts allowing us to plausibly infer a need for prospective relief from an identified officer within our limited subject matter jurisdiction.[41] Ms. Gaines also may file a Pennsylvania Human Relations Act claim against the Commonwealth and a Commonwealth Officer in state court if she chooses.

We dismiss Ms. Gaines’s Pennsylvania Human Relations Act claim with prejudice in this Court against the Commonwealth.

## II. Conclusion

The Commonwealth is immune from a claim for prospective relief under the Americans with Disabilities Act and the Pennsylvania Human Relations Act in this Court. Ms. Gaines cannot sue the Commonwealth here. We grant the Commonwealth’s Motion to dismiss.

---

[1] ECF 2 at 2 (page 2 of 10 under the ECF pagination).

[2] *Id.*

[3] *Id.* at 3 (page 5 of 10 under the ECF pagination).

[4] *Id.* at 5 (page 10 of 10 under the ECF pagination).

---

[5] ECF 14. A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

Our Court of Appeals further directs us to construe a pro se litigant's pleadings "liberally" and "hold [her] to 'less stringent standards than formal pleadings drafted by lawyers.'" *Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025) (quoting *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024)). We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). But "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). They "must still ultimately 'abide by the same rules that apply to all other litigants.'" *Freeman*, 158 F.4th at 175 (quoting *Mala*, 704 F.3d at 245).

[6] ECF 14 at 3–6.

[7] ECF 16 at 2.

[8] ECF 2 at 2 (page 2 of 10 under the ECF pagination).

[9] ECF 14 at 4.

[10] *Id.*

[11] ECF 16 at 2.

[12] 42 U.S.C. § 12113(a).

---

[13] U.S. CONST. amend. XI.

[14] *Koslow v. Commw. of Pa.*, 302 F.3d 161, 167 (3d Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1, 13 (1890)).

[15] *Lloyd v. Pa. State Bd. of Veterinary Med.*, No. 25-5171, 2026 WL 912649, at *4 (E.D. Pa. Mar. 27, 2026) (quoting *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001)).

[16] *Bartlett v. Kutztown Univ.*, No. 13-4331, 2015 WL 766000, at *11 (E.D. Pa. Feb. 23, 2015) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001)); *Adams v. Dep't of Corr.*, 348 F.R.D. 410, 416 (M.D. Pa. 2025) (citing *Koslow*, 302 F.3d at 166 n.3).

[17] 531 U.S. at 360.

[18] *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 238–41 (3d Cir. 2005); *see also Coley v. Sup. Ct. of N.J.*, No. 25-2150, 2026 WL 3084332, at *1 (3d Cir. Oct. 15, 2026) ("Even when the state is not the named party in the dispute, a party may still enjoy Eleventh Amendment immunity if the state is the real party in interest.").

[19] 426 F.3d 233 at 235.

[20] *Id.* at 239.

[21] 42 Pa.C.S.A. § 8521(b); *Johnson v. Korszniak*, No. 17-3946, 2023 WL 3510892, at *6 (E.D. Pa. May 17, 2023) (quoting *Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 196 (3d Cir. 2000)).

[22] *Yerger v. Northumberland Cnty. Assistance Off.*, No. 24-2513, 2024 WL 5040397, at *1 (3d Cir. Dec. 9, 2024) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

[23] ECF 16 at 2.

[24] *Id.*

[25] *Benn*, 426 F.3d at 239.

[26] *Melton v. SEPTA*, No. 23-1260, 2024 WL 4292970, at *6 (E.D. Pa. Sept. 25, 2024) (quoting *Koslow*, 302 F.3d at 178); *e.g. Knox v. N.J. Dep't of Corr.*, No. 25-1293, 2026 WL 279969, at *2–3 (D.N.J. Feb. 3, 2026) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Garrett*, 531 U.S. at 374 n.9; *Koslow*, 302 F.3d at 179).

[27] *Gonzalez v. Prescott*, No. 25-4880, 2025 WL 3269942, at *3 (E.D. Pa. Nov. 24, 2025) (quoting *Koslow*, 302 F.3d at 178); *Melton*, 2024 WL 4292970, at *6 (quoting *Koslow*, 302 F.3d at 178).

[28] *MacDougall v. Rhuling*, No. 24-989, 2024 WL 3993213, at *5 (E.D. Pa. Aug. 28, 2024) (quoting *Williams v. Pa. Hum. Rels. Comm'n*, 870 F.3d 294, 299 (3d Cir. 2017) ("'[T]he ADA impose[s] liability only on *employers*'"); *Koslow*, 302 F.3d at 178 ("'[T]here appears to be no individual liability for damages under Title I of the ADA.'")).

[29] ECF 2 at 2 (page 2 of 10 under the ECF pagination).

---

[30] ECF 14 at 5.

[31] *Id.*

[32] ECF 16.

[33] U.S. CONST. amend. XI.

[34] *Koslow*, 302 F.3d at 167 (citing *Hans*, 134 U.S. at 13).

[35] *Lloyd*, 2026 WL 912649, at *4 (quoting *MCI Telecomm. Corp.*, 271 F.3d at 503).

[36] 43 Pa. Cons. Stat. §§ 951–963.

[37] *Newton v. Pa. State Police*, No. 18-1639, 2020 WL 2572148 (W.D. Pa. May 21, 2020); *Merces-Clark v. Pennsylvania*, No. 13-02111, 2013 WL 6096324, at *3 (E.D. Pa. Nov. 19, 2013).

[38] *Carmichael v. Dep't of Hum. Servs.*, No. 24-6307, 2026 WL 1846548, at *5 (E.D. Pa. June 26, 2026) (citing *Patterson v. Pa. Off. of Inspector Gen.*, 243 F. App'x 695, 696 (3d Cir. 2007)); *Afrasiabipour v. Pa. Dep't of Transp.*, 469 F. Supp. 3d 372, 384 (E.D. Pa. 2020) (quoting *Dieffenbach v. Dep't of Revenue*, 490 F. App'x 433, 435 (3d Cir. 2012)).

[39] *Holt v. Pennsylvania*, No. 17-2511, 2018 WL 2363535, at *6 (E.D. Pa. May 24, 2018) (citing *Mansfield State Coll. v. Kovich*, 407 A.2d 1387, 1388 (Pa. Commw. Ct. 1979)); *e.g., Renner v. Ct. of Common Pleas of Lehigh Cnty.*, 234 A.3d 411, 416 (Pa. 2020).

[40] *McIlmail v. Pennsylvania*, No. 17-2991, 2018 WL 1071927, at *3 (E.D. Pa. Feb. 27, 2018) ("Because Pennsylvania did not waive its Eleventh Amendment sovereign immunity with respect to the PHRA, this Court does not have jurisdiction to hear Plaintiff's PHRA claims against Defendants in their official capacities."); *Brzozowski v. Pa. Tpk. Comm'n*, 165 F. Supp. 3d 251, 267 (E.D. Pa. 2016), *aff'd as modified*, 738 F. App'x 731 (3d Cir. 2018).

[41] 43 Pa. Con. Stat. § 955(e); *Brzozowski*, 165 F. Supp. 3d at 262–63.